1 | J. SCOTT GERIEN, State Bar No. 184728
    MEGAN F. HEALY, State Bar No. 229177
2 | DICKENSON, PEATMAN & FOGARTY
    809 Coombs Street
3 | Napa, California 94559
    Telephone: (707) 252-7122
4 | Facsimile: (707) 255-6876

5 | Attorneys for Plaintiff
    SUTTER HOME WINERY, INC.

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MMC

| Sutter Home Winery, Inc., | CASE NO. 08 1949 |
|---|---|
| Plaintiff, | **COMPLAINT** |
| vs. | 1. Federal Trademark Infringement |
| Skylite Cellars LLC | 2. Federal Unfair Competition |
| Defendant. | 3. California Trademark Infringement |
| | 4. California Unfair Competition |
| | 5. California False or Misleading Statements |
| | 6. Common Law Trademark Infringement |
| | 7. Common Law Material Breach of Contract |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff, Sutter Home Winery, Inc., a California corporation ("Plaintiff"), for its complaint against Defendant, Skylite Cellars LLC, a Washington limited liability company ("Defendant"), alleges as follows:

## NATURE OF ACTION

1. This is an action to redress violations of the federal Lanham Act for infringement of a federally registered trademark (15 U.S.C. §1114), unfair competition (15 U.S.C. §1125(a)), violation of the California Business and Professions Code for trademark infringement (Cal. Bus. & Prof. Code §14335), unfair competition (Cal. Bus. & Prof.

COMPLAINT                                   1

Code §17200) and the dissemination of false and misleading statements (Cal. Bus. & Prof. Code §17500), common law trademark infringement, and common law material breach of contract, as the result of willful and unauthorized use by Defendant of colorable imitations of Plaintiff's trademark in violation of the parties' written agreement, as more fully set forth hereinafter. Plaintiff seeks preliminary and permanent injunctive relief restraining Defendant's infringement of Plaintiff's trademark, monetary damages, attorneys' fees and related relief.

## THE PARTIES

2. Plaintiff Sutter Home Winery, Inc. is a California corporation with its principal place of business located at 100 St. Helena Hwy. South, St. Helena, California 94574.

3. Upon information and belief, Defendant Skylite Cellars LLC is a Washington limited liability company with its principal place of business located at 25 Campbell Road, Walla Walla, Washington 99362.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claim under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. §§1051-1127. This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

5. Upon information and belief, Defendant, either directly or through its agents, transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected its acts to have consequence in the State of California and within this judicial district.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Defendant is doing business in this judicial district, and therefore may be found in this district, and/or as a

substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the infringement occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS

7. Plaintiff is the owner of the trademark MENAGE A TROIS for wines, as well as the owner of U.S. Trademark Registration No. 3,147,087 for the trademark MENAGE A TROIS for wines in International Class 33. Such registration is valid and subsisting and pursuant to such registration, Plaintiff's MENAGE A TROIS mark is presumed to be inherently distinctive. Plaintiff, along with its predecessor in interest, has used the MENAGE A TROIS mark on and in association with wine since as early as August 1997, long prior to the acts of Defendant complained of herein.

8. Plaintiff produces three different blends of wine under its MENAGE A TROIS brand, a white, red, and a rosé. MENAGE A TROIS is one of Plaintiff's most well-known brands and one of the top-performing U.S. wine brands. Plaintiff owns extremely valuable goodwill in the mark.

9. Upon information and belief, Defendant, Skylite Cellars LLC is a winery and wine producer based in Walla Walla, Washington. Upon information and belief, the wines produced and sold by Defendant are advertised in this District via an interactive internet website.

10. In November of 2006, Plaintiff discovered that Defendant had received a Certificate of Label Approval from the Alcohol and Tobacco Tax and Trade Bureau for the production and bottling of wine bearing the mark MENAGE.

11. Defendant's MENAGE mark is confusingly similar to Plaintiff's MENAGE A TROIS mark given that the marks are virtually identical in sight, sound and meaning. In addition, the goods offered by Defendant under its mark, namely, wines, are identical to those which Plaintiff offers under its MENAGE A TROIS mark, and travel through the

same distribution channels and are advertised in the same marketing channels as Plaintiff's MENAGE A TROIS wine.

12. On November 20, 2006, Plaintiff advised Defendant via letter of Plaintiff's trademark registration and rights in the MENAGE A TROIS mark for wine and requested that Defendant cease use of the confusingly similar mark MENAGE.

13. Defendant responded to such letter with a phone call to Plaintiff's counsel stating that Defendant had 100 cases of the 2003 vintage of MENAGE currently labeled and had a planned Spring 2007 release of 400 cases of the 2005 MENAGE vintage, both of which would be sold only at Defendant's Walla Walla tasting room and winery. Defendant asked Plaintiff for a resolution which allowed Skylite Cellars LLC to sell through these two vintages at those locations.

14. On December 11, 2006, the parties entered into a written letter agreement by which Defendant agreed to cease all use of the term MENAGE on wine or related goods and services and in exchange for this agreement, Plaintiff granted Defendant one year, i.e., until December 11, 2007, to sell through the remaining 100 cases of its 2003 MENAGE wine and one year from the release of the 2005 MENAGE to sell through the 400 cases of such 2005 vintage (the "Letter Agreement"). The Letter Agreement was executed by Plaintiff in this District, and returned to this District by Defendant.

15. The release of Defendant's 2005 MENAGE wine for sale was anticipated by Defendant to be Spring 2007 and the Letter Agreement provided that Defendant would contact Plaintiff to let Plaintiff know the actual release date of the 2005 MENAGE wine once that occurred.

16. The Letter Agreement also provided that Defendant's sales of its MENAGE wine, regardless of vintage, must be limited to Defendant's Walla Walla, Washington tasting

room and winery and that Defendant must make no reference to its MENAGE wine on any electronically available media or advertising.

17. Plaintiff did not receive any notification from Defendant regarding the Spring 2007 release date of Defendant's 2005 MENAGE wine and so on September 4, 2007, contacted Defendant via letter to inquire whether such vintage had in fact been released. Defendant's principal, Tom Hodgins responded via email on September 10, 2007, notifying Plaintiff that it had decided not to release a 2005 MENAGE vintage and instead requested a sell-through of 100 cases of a 2006 MENAGE vintage, which would be released in Spring 2008.

18. Plaintiff responded to Defendant via letter on September 19, 2007, notifying Defendant that Plaintiff desired to bring the matter to a close in a timely manner and therefore could not grant Defendant's request for another two years to produce, bottle, and sell through a 2006 vintage of MENAGE.

19. On December 11, 2007, Defendant's one year sell-through period of its 2003 MENAGE vintage expired, as agreed to in the Letter Agreement. On January 8, 2008, Plaintiff contacted Defendant via letter to request confirmation that all sales of the 2003 MENAGE wine had ceased. Plaintiff's research at that time indicated that the 2003 MENAGE wine was still for sale and was being actively advertised and sold via Defendant's interactive website, www.skylitecellars.com, both of which were breaches of the Letter Agreement.

20. Plaintiff received no response to its January 8, 2008, letter. Plaintiff followed up with an email to Defendant's principal, Tom Hodgins, on January 25, 2008, and voicemails left at Defendant's winery on January 31, 2008, and March 25, 2008. In Plaintiff's voicemail on March 25, 2008, Plaintiff informed Defendant that if it did not receive a response to its inquires, Plaintiff would be forced to initiate legal action against

Defendant. Plaintiff received no response to any of these attempts to contact Defendant, while Defendant's 2003 MENAGE wine continued to remain advertised and available for purchase via Defendant's interactive e-commerce website in continued violation of the Letter Agreement.

21. Through Defendant's failure to respond to any of Plaintiff's repeated attempts to contact Defendant regarding Defendant's obligations under the Letter Agreement, Defendant has indicated that it does not intend to cease use of the MENAGE mark on wine and has intentionally continued to infringe Plaintiff's MENAGE A TROIS mark.

22. Continued use of the MENAGE mark by Defendant is likely to confuse consumers into believing that Defendant's MENAGE brand wines are affiliated with, associated with, connected to, or sponsored by Plaintiff, and Defendant will unjustly benefit from such association.

23. Upon information and belief, Defendant plans on continuing to advertise and sell the MENAGE brand wine. Unless restrained by this Court, Defendant will continue to unfairly compete with Plaintiff by using such mark, wherefore Plaintiff is without adequate remedy at law.

24. Defendant's infringing use of the confusingly similar MENAGE mark and breach of the Letter Agreement has financially harmed Plaintiff by diminishing the value of Plaintiff's MENAGE A TROIS mark, and Defendant's infringing use of the MENAGE mark has increased the profitability of Defendant's MENAGE brand to the detriment of Plaintiff.

25. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees.

//
//
//

## FIRST CAUSE OF ACTION

(Federal Trademark Infringement under 15 U.S.C. §1114)

26. Plaintiff restates and reavers the allegations of Paragraphs 1 through 25, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

27. Defendant's above-averred actions constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution or advertising of goods or services on or in connection with which such use is likely to cause consumer confusion, deception or mistake as to source, sponsorship or approval of the Defendant's aforesaid goods or services in violation of 15 U.S.C. §1114.

## SECOND CAUSE OF ACTION

(Federal Unfair Competition under 15 U.S.C. §1125(a))

28. Plaintiff restates and reavers the allegations of Paragraphs 1 through 27, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

29. The Defendant's above-averred actions constitute use in commerce of a word, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendant with Plaintiff or as to the origin, sponsorship or approval of the Defendant's goods or services in violation of 15 U.S.C. §1125.

30. Defendant's above-averred actions constitute the use of a false or misleading description or representation of fact as to the nature, characteristic, or quality of Defendant's goods in interstate commerce in connection with goods in commercial advertising or promotion.

## THIRD CAUSE OF ACTION

(State Trademark Infringement under Cal. Bus. & Prof. Code §14335)

31. Plaintiff restates and reavers the allegations of Paragraphs 1 through 30, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

32. The Defendant's above-averred actions constitute infringement upon a mark registered under Title 15 of the United States Code in violation of Cal. Bus. & Prof. Code §14335.

## FOURTH CAUSE OF ACTION

(State Unfair Competition under Cal. Bus. & Prof. Code §17200)

33. Plaintiff restates and reavers the allegations of Paragraphs 1 through 32, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

34. The Defendant's above-averred actions constitute unlawful, unfair or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code §17200.

## FIFTH CAUSE OF ACTION

(False or Misleading Statements under Cal. Bus. & Prof. Code §17500)

35. Plaintiff restates and reavers the allegations of Paragraphs 1 through 34, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

36. The Defendant's above-averred actions constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

//
//
//

## SIXTH CAUSE OF ACTION

(Common Law Trademark Infringement)

37. Plaintiff restates and reavers the allegations of Paragraphs 1 through 36, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

38. The Defendant's above-averred actions constitute trademark infringement and passing off in violation of the common law of California.

## SEVENTH CAUSE OF ACTION

(Common Law Material Breach of Contract)

39. Plaintiff restates and reavers the allegations of Paragraphs 1 through 38, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

40. Pursuant to the Letter Agreement, Defendant agreed to cease all sales of the 2003 vintage of its MENAGE wine by December 11, 2007, and to not advertise or sell MENAGE brand wine of any vintage via the internet or any other electronic means.

41. Defendant materially breached the Letter Agreement as a result of its failure to cease sales of the 2003 MENAGE wine and as a result of its continued advertisement and sale of MENAGE brand wines via an interactive internet website. Defendant persisted in such breaches of the Letter Agreement notwithstanding repeated requests by Plaintiff that Defendant cure such breaches.

42. As a direct and proximate result of Defendant's material breach of the Letter Agreement, Defendant is liable to Plaintiff for damages in an amount to be determined at trial, plus accrued and accruing interest, costs, attorneys' fees, costs of suit and any other amounts owing to Plaintiff.

43. The Defendant's above-averred actions material breach of contract in violation of the common law of California.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1. That Defendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

    a. Using the mark MENAGE, or terms or marks confusingly similar to Plaintiff's MENAGE A TROIS mark, in connection with the advertisement, promotion, distribution, offering for sale or selling of wine or related goods or services;

    b. Performing any acts or using any service marks, trademarks, names, words or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and the Defendant are one in the same or are in some way connected or that Plaintiff is a sponsor of the Defendant or that the goods or services of the Defendant originate with Plaintiff or are likely to lead the trade or public to associate the Defendant with Plaintiff;

2. That Defendant be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief.

3. That Defendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be required to deliver up for destruction all advertising, promotional materials, point of sale materials, packaging, labels, corks, bottles and any other materials bearing the infringing mark together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

4. That Defendant be ordered to pay Plaintiff monetary damages for the harm resulting from infringement of Plaintiff's mark and material breach of the parties' contract, in an amount to be determined at trial;

5. That Plaintiff's damages be trebled and that Defendant be order to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

6. That Plaintiff have such other and further relief as this Court shall deem just and proper on the merits.

Dated: 4/11/08

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By _____
J. Scott Gerien
Megan F. Healy

809 Coombs Street
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
Sutter Home Winery, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury in this matter.

Dated: 4/11/08

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By _____
J. Scott Gerien
Megan F. Healy

809 Coombs Street
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
Sutter Home Winery, Inc.

COMPLAINT                                    12